IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                          Case No. 07-10142-03-JTM

ELTON E. PROFIT, JR.,
        Defendant.

ORDER

This matter is before the court on the defendant, Elton E. Profit Jr.'s motion to amend/correct sentence. (Dkt. No. 1361). Pursuant to a plea agreement, on August 3, 2009, this Court sentenced the defendant to 78 months imprisonment for the offense of conspiracy to participate in a racketeer influenced and corrupt organization, and his sentence was to run concurrently with Case No. 07-10059. (Dkt. No. 1354). On August 10, 2009, the Honorable Wesley E. Brown reduced the defendant's sentence to 90 months on his felon in possession of a firearm charge based on the Government's substantial assistance motion filed pursuant to Rule 35(b). (Dkt. No. 1361 at 1).

The defendant requests this Court to correct the sentence imposed pursuant to Fed.R.Crim. P. 35(a). (Dkt. No. 1361). He alleges that the parties entered into their plea contract with the mistaken understanding that the Bureau of Prisons ("BOP") would give him time served credit on both sentences. (Dkt. No. 1361 at 2). On August 10, 2009, the United States Probation Office informed Profit's defense attorney that the BOP would only credit time served on one of his sentences. (Dkt. No. 1361 at 2). The defendant filed his motion to amend/correct sentence on August 12, 2009. (Dkt. No. 1361).

A district court only has jurisdiction to modify a previously imposed sentence when specifically authorized to do so by a statue. *See United States v. Price*, 438 F.3d 1005, 1007 (10th

Cir. 2006). A district court does not have jurisdiction under Rule 35(a) to resentence a defendant more than seven days after it orally imposed an earlier sentence. *United States v. Green*, 405 F.3d 1180 (10th Cir. 2005). Even if a defendant moved for resentencing within the seven-day period, and the court scheduled a hearing on that motion within the seven-day period, there is no extension of the district court's jurisdiction to dispose of the motion beyond the seven-day period. *Id.* at 1187-88. A court may only act within seven days after imposition of sentence. *United States v. Shank*, 395 F.3d 466, 469 (4th Cir. 2005), *cert denied,* 544 U.S. 1062 (2005). This Court is without jurisdiction to entertain the defendant's motion since more than seven days have passed since the oral imposition of the 78 month sentence on the defendant.

IT IS THEREFORE ORDERED this 20th day of November, 2009, that defendant's motion to amend/correct sentence (Dkt. No. 1361) is dismissed for lack of jurisdiction.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE